CASE 11—PETITION EQUITY—JUNE 18.

## Parrish, &c., v. Parrish's Trustee.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

CONSTRUCTION OF DEVISE.—A testator, after. making certain specific devises, devised the residue of his estate to his wife during her widowhood, or until his son should arrive at the age of twenty-one years, " whichever shall happen first." By a subsequent clause he provided: " Subject to the interest devised by this will to my wife, I give the whole of my estate to my son, but should he die without lawful children or grandchildren living at the time of his death, then, in that event, the whole of the estate devised to him is to go to and belong to my wife." *Held*—That the widow was given the whole estate during the time she remained a widow, or until the son arrived at the age of twenty-one years, the remainder in fee to the son; subject, however, to be defeated in case of his death at any time without children or grandchildren, in which event it goes to the widow. But whether the estate devised to the son be an absolute fee, or, as the court thinks it is, a defeasible fee, his children can not take any interest therein as devisees under the will of their grandfather, and both the widow and son of the testator having united in a conveyance to appellees of a part of the estate devised, the appellees have acquired an absolute and indefeasible title.

*J. M. BENTON* FOR APPELLANT.

1. When the gift is not immediate but in remainder, the law will not incline to another construction than that the death must be during

the particular estate, unless the letter or context of the will plainly shows that the testator intended a death either in his own life-time, or at any time whenever it might occur. (Birney v. Richardson & Ford, 5 Dana, 293.)

2. A devise to A. for life, but if he die without issue to B., the children of A. take as purchasers. (Moore's Trustee v. Home's Heirs, 4 Mon., 133; Best v Conn, &c., 10 Bush, 37; Davis v. Buford's Ex., MS. Op., February 8. 1887; Carr v. Jeanneret and Carr v. Green, 2 McCord, 66-75; Daniel v. Thomson, 14 B. M., 667.)

B. F. BUCKNER FOR APPELLEES.

1. Dabney N. Parrish took (subject to his mother's estate during widowhood, or until he attains majority) a fee-simple liable to be defeated in case of his death without surviving children or grandchildren *before the period named in the will for the delivery of the estate to him;* in which event his mother will take an absolute estate. (Birney v. Richardson, 5 Dana, 293; 2 Jarman on Wills, 790 (5th edition); Edward v. Edwards, 15 Beavan, 357; Galland v. Leonard, 1 Swans., 161; Home v. Pillans, 2 My. and K., 24; Hughes v. Hughes, 12 B. M., 115; Wills v. Wills, 9 Ky. Law Rep., 76.)

2. The mere fact that the subject of the devise was given over, in case of the death of the first taker without surviving issue, does not create by implication a remainder in his issue, if he should leave any surviving him. (Pells v. Brown, Cro., Jac., 590; Daniel v. Thompson, 14 B. M., 669 )

GEO. B. NELSON ON SAME SIDE.

1. The will does not create, by implication, a remainder in the surviving issue of D. N. Parrish.

   Cases cited by counsel for appellant commented on: Best v. Conn; Moore's Trustees v. Home's Heirs, 4 Mon., 200; Carr v. Green, and Carr v. Jeanneret, 2 McCord, 66-75; Davis y. Buford, MS. Op., Feb. 7, 1887.

2. The interest of Mrs. Parrish, although in a certain sense contingent, is one that can be sold and conveyed. (Grayson v. Tyler, 80 Ky., 361; 4 Kent., 261-2; Gen. Stats., chap. 63, art. 1, sec. 6.)

W. M. BECKNER FOR DABNEY N. PARRISH, APPELLEE.

1. The devise over to the wife of the testator was to take effect only in the event of the death of Dabney N. Parrish, without children or grandchildren, *before the period of distribution.* He is not to be divested of his estate after he once receives it. (O'Mahoney v. Burdett, English and Irish Appeals; Brown v. Brown, 5 Chancery Appeals, 248; Home v. Pillans, 2 My. & K. 15; Birney v. Richardson, 5 Dana, 432; Hughes v. Hughes, 12 B. M., 116; Wren v. Hymes' Adm'r, 2 Met.,

129; Gen. Stats., chap. 63, sec. 7; Drayton v. Drayton's Ex'r, 1 Desaussure, 328; Whitney v. Whitney, 45 N. H., 311; Hansford v. Elliott, 9 Leigh, 88; 25 Wendell, 139; Johnson v. Maston, 10 Penn. St., 15; Rose v. Drake, 37 Penn. St., 373; Leunier's Lessee v. McAtee, 10 Ohio, 38; 2 Pick., 470; 2 Grant's Cases, 28; 20 Ill., 193.)

2. Should the estate of Dabney N. Parrish be declared a defeasible fee, his children, if any survive him, take direct from him, and not through the will.

3. Even if Mrs. Parrish has a contingent interest in the land, did it not pass by the assignment? (Grayson v. Tyler, 80 Ky., 358.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

D. N. Parrish, the only son, and S. A. Parrish, the widow of D. W. Parrish, deceased, having by a joint deed conveyed certain property claimed by them under the will of the decedent to appellees, W. B. and G. B. Nelson, in trust for the payment of their debts, the assignees instituted this action for the purpose of obtaining a judicial construction of the will; Charles S. Parrish, the infant child of D. N. Parrish, being made a defendant. And the lower court having adjudged that the infant defendant had no estate under the will, he, by his guardian *ad litem*, appeals to this court.

After having in his will made devises of specific personal property to his son, who was at the time, 1877, an infant, and to his widow, and made provision for the education of his son, the testator proceeds as follows:

"The whole of the residue of my estate not herein specifically given to my wife and son, I give to my wife for and during the time she may remain my widow, or until my son shall arrive at the age of twenty-one years, whichever shall happen first.

"From and after my son's attaining his majority,

Parrish, &c., v. Parrish's Trustee.

or the marriage of my wife, if she shall marry, she is to have such, portion only of my estate as is specifically bequeathed to her in the second clause of this will, and such portion of and interest in the balance of my estate as the law gives to a widow by way of dower and distribution, and my son is to have the balance of my estate in fee-simple.

"Upon the arrival of my son at the age of twenty-one years he is to have five hundred dollars in addition to the specific legacies hereinbefore mentioned. The whole balance of the estate herein devised to him may, in the discretion of my wife, or, in the event of her marriage before he attains the age of twenty-one years, of his guardian, be placed under his control, and shall be when he shall have attained the age of twenty-five years.

"Subject to the interest devised by this will to my wife, I give the whole of my estate to my son Dabney Nelson Parrish, but should he die without lawful children or grandchildren living at the time of his death, then, in that event, the whole of the estate devised to him is to go to and belong to my wife."

The only theory upon which Charles S. Parrish, the infant child of D. N. Parrish, or any other children he may have, could claim any interest under the will is, that D. N. Parrish takes thereunder only a life estate, and that upon his death such of his children or grandchildren as may survive him will be entitled to a remainder interest not as his heirs-at-law or devisees, but under the will of their grandfather.

It seems to us clear that the testator did not intend to give D. N. Parrish merely a life estate; on the con-

trary, his language is, ''my son is to have the balance of my estate in fee-simple.''

It is equally clear that, under the will, he does not take an absolute fee, for the language is plain and unambiguous that if he should die without lawful children or grandchildren living at the time of his death, in such event the whole of the estate devised is to go to and belong to the testator's wife. Nor can the time of his death be fairly made to refer to either the life-time of the testator, or the period between the death of the testator and the time of the son arriving at the age of twenty-five. For it could not have been contemplated that in the course of nature the son would die before the age of twenty-five, leaving grandchildren.

According to the only construction that can be properly put upon the will, the widow was given the whole estate during the time she remained a widow, or until the son arrived at the age of twenty-one years, the remainder in fee to the son, subject, however, to be defeated in case of his death without children or grandchildren, in which event it goes to the widow.

But whether the estate devised to D. N. Parrish be an absolute, or, as we think it is, a defeasible fee, his children can in no possible event take any interest therein as devisees under the will of their grandfather.

As the widow and son of the testator unite in the conveyance to appellees, they have acquired an absolute and indefeasible title to the property conveyed, or at least so much of it as was devised by the testator, D. W. Parrish.

Judgment affirmed.